EDWARDS, Senior Circuit Judge,
concurring in the judgment and concurring in part in the opinion:
I concur in the judgment reached by the majority. I also concur in much of the analysis supporting majority opinion. However, I cannot concur in the majority’s disposition of the Government’s cross-appeal challenging the District Court’s construction of 18 U.S.C. § 216(b). I agree that the Government loses on the merits, but I think the issue is much closer than is suggested by the majority opinion.
As the majority opinion properly notes, our review of § 216(b) is de novo, so we owe no deference to the District Court’s construction of the disputed penalty provision. It is unclear whether the majority means to endorse the District Court’s analysis of the disputed statutory provision or merely affirm on other grounds. The latter appears to be the case. In any event, the decision that we reach is far from ironclad.
Section 216(b) provides that a party who violates § 209(a) is subject to a civil penalty of “not more than $50,000 for each violation or the amount of compensation which the person received or offered for the prohibited conduct, whichever amount is greater.” 18 U.S.C. § 216(b).
The District Court found that “not more than” modifies both the $50,000 per violation amount and the compensation amount. Under this interpretation, a trial judge court may impose a penalty of
[1] not more than $50,000 for each violation or
[2] not more than the amount of compensation,
[3] whichever amount is greater.
The Government contends that the phrase “not more than” modifies only “$50,000 for each violation.” Under the Government’s interpretation, a person “shall be subject to a civil penalty” of
[1] not more than $50,000 for each violation

or

[2] the amount of compensation which the person received or offered for the prohibited conduct,
[3] whichever amount is greater.
I agree with the majority and with the District Court that both “constructions of the statute are plausible.” U.S. v. Project on Gov’t Oversight, 543 F.Supp.2d 55, 68 (D.D.C.2008).
As I see it, the Government is right in its contention that the District Court’s construction strains the language of the statute. There are three obvious problems with the District Court’s construction. First, the statute says that a person shall be, not may be, subject to a penalty for statutory violations. However, under the *567 District Court’s view, a trial judge has the discretion to impose no penalty. Second, under the District Court’s view, the word “amount ” in the phrase “whichever amount is greater” is rendered meaningless. And, third, the District Court’s reading effectively nullifies the entire phrase “whichever amount is greater.”
The District Court’s construction unavoidably rests on the assumption that “whichever amount is greater” refers to either (1) “not more than $50,000” or (2) “not more than the amount of compensation.” However, neither “not more than $50,000” nor “not more than the amount of compensation” refers to a discernable “amount.” Indeed, each range includes the possibility of zero. Furthermore, under the District Court’s construction, when a violation is $50,000 or less, “amount of compensation” is irrelevant, since the trial court always retains discretion to impose a penalty from $0 up to $50,000. When the violation is over $50,000, “not more than $50,000” is irrelevant, since the trial court always retains discretion to impose a penalty from $0 to the amount of the violation. In other words, the possible penalty range for a violation is determined by whether the compensation is above or below $50,000, not by reference to a comparison of two discernable amounts. In every case, there is really only one penalty range in play. Given this reality, the Government is not wrong in suggesting that the District Court’s approach renders the clause “whichever amount is greater ” largely superfluous.
Obviously, the Government’s position is appealing. If nothing else, it highlights the fact that § 216(b) is not a model of legislative drafting. Nonetheless, as the majority correctly notes, the Government’s view of the disputed language is not the only plausible reading of the statute. Under the Government’s construction of § 216(b), a penalty must be (1) “not more than $50,000” or (2) “the amount of compensation,” “whichever is greater.” Under this view, a trial judge would be required to compare a range to a fixed value (the amount of compensation). If compensation is below $50,000, then the penalty may fall between the amount of the violation and $50,000. If the compensation is above $50,000, then the penalty is the amount of the compensation. The penalty can never be zero. This is a plausible construction of the statute, but not more compelling than the competing interpretation adopted by the majority opinion.
The Government’s construction is problematic for at least two reasons. First, it is unusual for a statute to compare a range and a fixed number, as the Government would have it. Second, the rigid penalty formulation to which the Government subscribes affords the trial judge no discretion, which seems odd with respect to a statute that includes the words “not more than.” And the Government is simply incorrect in suggesting that our construction of the statute fails to give any effect to the phrase “whichever amount is greater.” Our interpretation is not airtight, but this is because the statute is poorly worded.
This is a case in which judges are required to do the best they can in construing a statutory provision that does not admit of a straightforward interpretation. Because I am satisfied that the construction that we endorse is marginally better than the interpretation offered by the Government, I join the result reached by the majority. In a case such as this, marginally better is enough to carry the day.